```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF GEORGIA


BILLY WOOTEN, on behalf of    )
himself and others similarly  )    CIVIL ACTION NO.
situated,                     )    _____
                              )
         Plaintiffs,          )
                              )    JURY TRIAL DEMANDED
v.                            )
                              )
JAMES EXECUTIVE CONSULTANT    )    COLLECTIVE ACTION
GROUP, LLC a/k/a JE GROUP,    )
LLC                           )

         Defendant.
```

## COLLECTIVE ACTION COMPLAINT
## AND JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff hereby submits his Collective Action Complaint and Jury Demand and, upon trial of this matter, would show the trier of fact as follows:

### I.   SUMMARY

1.   James Executive Consultant Group, LLC a/k/a JE Group, LLC ("JECG"), a company in the government contract consulting services business, is violating the Fair Labor Standards Act ("FLSA") by forcing its tower technicians to work a substantial amount of overtime without properly paying overtime compensation, thus depriving them of rightful compensation for their work that JECG is legally obligated to pay.

...

2. Plaintiff Billy Wooten worked for JECG and was damaged by this illegal policy or practice. Plaintiff was similarly denied the overtime compensation he was due under the FLSA. Plaintiff brings this lawsuit on behalf of himself and all other similarly situated current or former JECG technicians and other hourly paid technician workers to recover unpaid overtime compensation, liquidated damages, attorneys' fees, and costs owed to them individually and on behalf of other similarly situated individuals.

## II.   JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. ) 1331 because Plaintiffs' claims arise under federal law, namely the FLSA, 29 U.S.C. ) 201 *et seq*.

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred in the Northern District of Georgia. 28 U.S.C. ) 1391(b)(2).

## III.   THE PARTIES

5. Plaintiff Wooten worked for JECG as a tower technician. He regularly worked in excess of 40 hours per week without receiving any of the overtime compensation that he was due at one and one-half times his regular rate of pay. Plaintiff Wooten's consent is attached as Exhibit A.

6.  The class of similarly situated employees consists of all current and former tower technicians and other hourly technician workers who were employed by JECG during the three-year period preceding the filing of this complaint. These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7.  James Executive Consulting Group, LLC a/k/a JE Group, LLC is a Georgia corporation with a principal place of business at 3350 Riverwood Parkway SE, Suite 1945, Atlanta, Georgia 30339 that is engaged in commerce in the United States and is otherwise subject to the FLSA. Specifically, according to JECG's own public representations about its business, the company operates as a "turn-key administrative & management consultant servicing company programmed to support the needs of the government" with both domestic and "international capabilities."[1] JECG represents that it "is the AMBASSADOR Company leading the International Consortium Alliance aka ICA/Afghanistan American Alliance (AAA)" which "supports the Contract Management, Contract Compliance and Contract Administrative requirements of any contract awarded to an Afghan

---

[1]  JE Group, LLC website, *available at* http://www.jegroupllc.com/index.php/about_us/corporate_overview (last visited on January 25, 2016).

Company who has a Strategic Partnership Alliance with JE Group."[2] JECG also reports that its "AAA is an initiative developed to support the needs of the Afghan businesses as well as the needs of the federal government[,]" and its "mission is to proactively create opportunities in an effort to forge International Joint Ventures alliances as [it] collectively pursue[s] contracts via a joint venture arrangement."[3]  Its services include, but are not limited to, logistics and information technology administration and management.[4]  In addition to its Georgia location, where Plaintiff was employed, JECG also employs technicians in Virginia, Afghanistan, and the United Arab Emirates."[5] Therefore, because JECG operates its business in at least two states (Georgia and Virginia) and claims to have "a team of professional[s]"[6] engaged in worldwide operations, business development, management, and logistical support, JECG has or had (during the relevant time period) at least two or more employees

---

[2]   *Id.*

[3]   *Id.*

[4]   *Id.*

[5]   JE Group, LLC website, *available at* http://www.jegroupllc.com/ (last visited on January 25, 2016).

[6]   JE Group, LLC website, *available at* http://www.jegroupllc.com/index.php/who_are_we (last visited on January 25, 2016).

4

engaged in commerce or in the production of goods for commerce for purposes of FLSA coverage.

8. Additionally, upon information and belief, JECG—a private company with at least 4 office locations identified on its website—has annual gross volume of sales made or business done of not less than $500,000.[7]

9. JECG employed Plaintiff within the meaning of the FLSA. JECG may be served with process by serving its Registered Agent, Dannie E. James, Sr., 2242 Wilshire Way, Douglasville, Georgia 30135.

### IV.   BACKGROUND

10. JECG is headquartered in Atlanta, Georgia and is in the government contract consulting services business in Alabama, Georgia, Virginia and, upon information and belief, other locations within the United States. JECG also claims to provide its services worldwide.

11. JECG employs technicians similarly situated to Plaintiff worldwide to install cell phone and logistical hardware.

12. Plaintiff and, upon information and belief, Members of the Class regularly worked in excess of 40 hours per week.

---

[7]    *Id.*

However, the employees were not paid one and one-half times their regular rates for hours worked in excess of 40 each work week. Instead, JECG paid those non-exempt workers a flat, hourly rate regardless of the number of hours they worked.

13. JECG's tower technicians perform various tasks, including climbing cell phone towers and installing cell phone and logistical hardware. JECG's technicians travel with a crew of other JECG technicians in and between various states, including but not limited to Alabama and Georgia, performing work therein.

14. JECG's tower technicians handle or otherwise work on goods or materials that have been moved in or produced for commerce by any person. In particular, the technicians work with cell phone hardware, components that are produced for commerce, at least in part, outside of Georgia and/or the United States and moved to the tower site for use. Those components and the technicians' work with them are essential to the functioning of logistical networks—the networks cannot properly function without the components that have been shipped in interstate commerce and which are handled by the technicians as part of their essential job responsibilities on a minute-by-minute basis while performing work on the tower. Therefore, the technicians' work is in practical effect a part of commerce or

of the functioning of an instrumentality or facility of interstate commerce.

15. JECG pays its tower technicians and other technicians similarly situated to Plaintiff by the hour utilizing a pay period that consists of two weeks.

### V.   PLAINTIFFS' INDIVIDUAL ALLEGATIONS

*A.   JECG Failed to Properly Pay Overtime Compensation.*

16. Plaintiff worked with a crew of other similarly situated JECG employees.  They traveled and worked for JECG in and throughout Alabama and Georgia, installing cell phone and logistical hardware.  During his tenure at JECG, Plaintiff typically worked 10 or 11-hour or longer shifts.  In a typical week, Plaintiff commonly worked approximately 60-70 hours.

17. JECG paid Plaintiff a set hourly rate for each hour worked.

18. JECG's pay periods consisted of two weeks.  Thus, during each pay period, Plaintiff worked approximately 60-70 or more hours during each week.  JECG did not compensate Plaintiff for any of the 20-30 or more hours of overtime that he had actually worked during each week.  Rather, for each overtime hour, Plaintiff was compensated at his regular rate of pay.

19. The FLSA requires JECG to pay overtime compensation for each hour Plaintiff worked in excess of 40 hours in a week.

JECG should have paid Plaintiff for 40 hours of regular pay and at least 20 hours or more of overtime in typical workweek, but JECG failed to pay the Plaintiff that amount.

20. By failing to pay Plaintiff his overtime rate of pay for 20 hours or more each pay period, JECG has deprived Plaintiff of a significant amount of overtime compensation to which he is rightfully entitled.

**B.    *JECG Willfully Violated the FLSA.***

21. The FLSA and Department of Labor regulations set forth the proper means for calculating and paying overtime compensation to non-exempt employees like Plaintiff. JECG failed to follow these rules when paying Plaintiff.

22. JECG had a policy and/or practice of paying its technicians for only a portion of the overtime they worked instead of the actual amount of overtime that they worked in a given week.

23. JECG knows or has shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiffs.

## VI.   COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff is aware that JECG's illegal policies or practices have been imposed upon Members of the Class. Like Plaintiff, the Members of the Class work for JECG as

technicians.  The Members of the Class perform job duties similar to Plaintiffs, namely installing cell phone and logistical hardware on cell phone towers.

25. As with Plaintiff, Members of the Class typically work 10 or 11-hour or longer shifts for six or seven consecutive days, totaling 60-70 hours per week.

26. As with Plaintiff, Members of the Class are paid every two weeks.  Upon information and belief, the Members of the Class are also paid for only a portion of the overtime hours actually worked, with their remaining time compensated at their regular rate of pay.  The FLSA requires that hours over 40 worked in a week be compensated at the overtime rate of one and one-half times the regular rate of pay.  Like Plaintiff, Members of the Class should be paid their regular rate for 40 hours and their overtime rate for all hours worked over 40 in a week.

27. JECG's failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice.  Specifically, upon information and belief, it is a policy and/or practice at JECG to pay its technicians their regularly hourly rate for all hours worked during a work week, including those over 40.  As such, the Members of the Class are owed overtime compensation for precisely the same reasons as the Plaintiff.

28. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former tower technicians and other hourly paid technicians who were employed by JECG during the three-year period preceding the filing of this complaint.**

29. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

30. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

### VII. CAUSES OF ACTION

31. The preceding paragraphs are incorporated by reference.

32. As set forth above, JECG violated the FLSA with respect to Plaintiff and Members of the Class by failing to pay overtime for all hours worked in excess of 40 hours in a week. 29 U.S.C. )) 206, 207.

33. Plaintiff and Members of the Class are entitled to recover overtime compensation, at one and one-half times their

regular rate of pay, for all hours worked in excess of 40 hours in a week.

34. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

35. In addition, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs. 29 U.S.C. ) 216 (b).

## VIII.    JURY DEMAND

36. Plaintiff demands a jury trial.

### PRAYER

WHEREFORE, Plaintiff requests that this Court award them and Members of the Class judgment against JECG for:

1. damages for the full amount of their unpaid overtime compensation;
2. an amount equal to their unpaid minimum wages and overtime compensation as liquidated damages;
3. reasonable attorneys' fees, costs and expenses of this action;
4. pre-judgment and post-judgment interest at the highest rate allowed by law; and
5. such other and further relief as may be allowed by law.

Respectfully submitted,

MICHAEL A MILLS, P.C.

By:   /s/    Michael A. Mills

    Michael A. Mills
    Georgia Bar No. 509720
    1349 W. Peachtree St. NW
    Suite 1995
    Atlanta, Georgia 30309
    Telephone:  (404) 907-1541
    Facsimile:  (678) 317-0956
    mike@millslegal.net


BAILEY PEAVY BAILEY PLLC


By:   /s/    Robert W. Cowan

    Robert W. Cowan
    TX Bar No. 24031976
    440 Louisiana Street
    Suite 2100
    Houston, Texas 77002
    Telephone:  (713) 425-7100
    Facsimile:  (713) 425-7101
    rcowan@bpblaw.com


By:   /s/    Elizabeth Dwyer
    Elizabeth Dwyer
    TX Bar No. 24062445
    440 Louisiana Street
    Suite 2100
    Houston, Texas 77002
    Telephone:  (713) 425-5214
    Facsimile:  (713) 425-7101
    edwyer@bpblaw.com

## NOTICE OF CONSENT

I consent to be a party plaintiff in this action and, if necessary, a subsequent action, to recover any unpaid wages owed to me by JAMES EXECUTIVE CONSULTANT GROUP, LLC.

_Billy Wooten_
Signature

_Billy Wooten_
Full Legal Name (print)

_5-14-15_
Date

**EXHIBIT A**